**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02842-RM-SKC

JONATHAN KEYWORTH,

    Plaintiff,

v.

LOWE'S COMPANIES, INC.,

    Defendant.

___

**ORDER**
___

This employment case is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 52) to grant Defendant's Motion for Summary Judgment (ECF No. 40). Plaintiff did not object to the Recommendation, and the time to do so has expired. In the absence of timely objection, this Court may review a magistrate's report under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). As explained below, the Court accepts the Recommendation, and it is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

After he was fired from his position as an assistant store manager, Plaintiff filed this lawsuit asserting claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA"). Where, as here, there is no direct evidence of discrimination, ADA claims are evaluated using the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1038 (10th Cir.

2011).  First, the plaintiff must establish a prima face case of discrimination.  *Id.*  Second, the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for its action.  *Id.*  Third, if the defendant proffers such reasons, the burden shifts back to the plaintiff to show they are pretextual.  *Id.*  The Court agrees with the magistrate judge's determination that Plaintiff failed to meet his burden at step three.

When a plaintiff attempts to make a showing of pretext with evidence that the employer's stated reason for firing him was false, the Court considers the facts as they appeared to the decisionmaker at the time of the adverse employment decision.  *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).  "The pertinent question in determining pretext is not whether the employer was right to think the employee engaged in misconduct, but whether that belief was genuine."  *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1119 (10th Cir. 2007) (quotation omitted).  The Court's role is not to act as a "super personnel department," second guessing employers' honestly held (even if erroneous) business judgments.  *Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006).

As explained in the Recommendation, Defendant's stated reasons for denying Plaintiff a transfer and ultimately terminating him were his unsatisfactory performance and his failure to demonstrate meaningful improvement after being placed on a performance improvement plan.  (ECF No. 52 at 5.)  It is undisputed that Plaintiff's coworkers filed numerous formal complaints about him and his performance, reporting that he was sleeping on the job, spending a significant amount of time in his office, taking long lunches, and generally being unavailable to other associates.  (*Id.* at 1-2; ECF No. 46 at ¶ 8.)  In January 2015, Defendant met with Plaintiff to discuss concerns about his behavior.  (ECF No. 46 at ¶ 9.)  Plaintiff explained that he suffered

from post-traumatic stress disorder. (*Id.* at ¶¶ 9, 10.) Soon after the meeting, Plaintiff received accommodations for his hypoxemia, including a leave of absence and permission to sit for fifteen to twenty minutes per hour while performing his job duties. (ECF No. 52 at 2.)

Around this time, Plaintiff also applied for assistant store manager positions at three of Defendant's other stores. (ECF No. 46 at ¶ 48.) He was not selected for any of the positions, and he made an inquiry with the Equal Employment Opportunity Commission in May 2018. (*Id.* at ¶ 50.) The following month, he utilized Defendant's internal reporting service, claiming that he felt "discriminated against." (*Id.* at ¶ 54.) After an investigation into Plaintiff's discrimination claims, Defendant determined they were unsubstantiated. (ECF No. 52 at 2.)

Complaints about Plaintiff's performance continued to accumulate. (ECF No. 46 at ¶¶ 19, 21, 22.) In August 2018, Plaintiff was written up for the first time and placed on a performance improvement plan. (*Id.* at ¶¶ 59, 86.) The following month, Defendant informed Plaintiff he still was not meeting expectations. (*Id.* at ¶ 67.) In September 2018, Plaintiff was found in a tool closet and refused to explain why he was there.[1] (*Id.* at ¶¶ 71, 72, 77.) Days later, Defendant fired Plaintiff. (*Id.* at ¶ 80.) Defendant contends it fired Plaintiff for failing to show immediate and sustained improvement as outlined in the performance improvement plan, while Plaintiff contends he was fired for complaining about discrimination and retaliation. (*Id.* at ¶ 80.)

But Plaintiff has adduced no evidence that Defendant's reasons were false or unworthy of credence or that it did not honestly believe they provided reasonable grounds for firing him. Unsupported assertions about Defendant's motives are insufficient to raise a genuine issue for

---

[1] Plaintiff now contends he was suffering a "terror attack related to his disabilities." (*Id.* at ¶ 74.)

trial. Plaintiff has not shown Defendant acted contrary to an applicable policy or that he was treated differently from other employees who were similarly situated and engaged in conduct of comparable seriousness. *See Kendrick*, 220 F.3d at 1230. In sum, the Court finds the magistrate judge's analysis was sound and discerns no error on the face of the record. Because there is no genuine issue as to whether Defendant's explanation for firing Plaintiff was pretextual, Defendant is entitled to summary judgment on Plaintiff's ADA claims.

Therefore, the Court ACCEPTS the Recommendation (ECF No. 52) and GRANTS Defendant's Motion for Summary Judgment (ECF No. 40). The Clerk is directed to ENTER JUDGMENT in Defendant's favor and CLOSE this case.

DATED this 30th day of June, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge